UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MICHAEL W. STEBBINS,                         )        CASE NO. 5:13 CV 547
                                             )
                Plaintiff,                   )        JUDGE JOHN R. ADAMS
                                             )
        v.                                   )
                                             )        MEMORANDUM OF OPINION
TUSCARAWAS COUNTY JAIL,                      )        AND ORDER
                                             )
                Defendant.                   )

        On March 13, 2013, plaintiff *pro se* Michael W. Stebbins filed this 42 U.S.C. § 1983 *in
forma pauperis* action against the Tuscarawas County Jail, where he was formerly incarcerated.  He
alleges in the complaint that he was not seen by a doctor for three weeks and experienced chest
pains, resulting in his placement in isolation for observation.  He further alleges he was beaten up
by another inmate, but was afraid to tell jail officials what happened.  For the reasons stated below,
this action is dismissed pursuant to 28 U.S.C. § 1915(e).

        Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365
(1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if
it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or
fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

        A cause of action fails to state a claim upon which relief may be granted when it lacks

_____

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the
plaintiff and without  service of process on the defendant, if the court explicitly states that
it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim
for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,*
507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir.
1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

"plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

As a threshold matter, the Jail is not itself a separate legal entity that can be sued under § 1983, but is merely a name assigned to the building which houses inmates. Furthermore, *respondeat superior* is not a proper basis for liability under § 1983 in any event. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984). Liability of supervisors cannot be based solely on the right to control employees, or "simple awareness of employees' misconduct," *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421. Thus, even construing the complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not set forth a valid federal claim for relief.

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 8/7/13         _/s/ John R. Adams_____
                         JOHN R. ADAMS
                         UNITED STATES DISTRICT JUDGE